BENJAMIN H. CLOE, Plaintiff, *v.* EDWARD J. MURPHY, Defendant.

Supreme Court, St. Lawrence County, August 25, 1933.

*Allan L. Gurley*, for the plaintiff.

*Charles A. Murphy*, for the defendant.

LAWRENCE, J. Under the peculiar state of facts involved in this motion I consider it necessary to state some facts leading up to the present conditions. This action was upon a farm lease. The answer contained a counterclaim. The issues were referred to Horace C. Hale in May, 1929. Hearings were had before the referee in November and December, 1929, and in January, 1930, when the case was submitted. A voluminous record seems to have been made. At the time of submission the attorneys were given the privilege to submit proposed findings. None were submitted, and after requests by the referee to the attorneys on different occasions to submit findings in order that the case might be disposed of, and on March 1, 1933, the referee decided the case and made findings. Upon these findings judgment was later and on March 27, 1933, entered. Thereafter the attorney for the defendant moved this court at Special Term held by me on April 14, 1933, to open the judgment in order that requests to find might be submitted to the referee, taking the position that otherwise he could not be protected on appeal. The referee was directed to open the action before him for the sole purpose of allowing the parties to submit requests to find within ten days and to pass on such requests. The order submitted, however, in form seems to cancel the judgment and the report on which it is based.

Thirty-seven requests to find were submitted by the defendant within the ten days but were not passed upon by the referee within the sixty days thereafter. After the sixty days had expired, the defendant gave notice, under section 470 of the Civil Practice Act, to terminate the reference, and thereupon this motion was made by plaintiff to reinstate the judgment or in the alternative to vacate and set aside the notice by the defendant to terminate the reference.

When the referee filed his report his official duties ceased. Three hearings had been had and a large volume of evidence taken. The defendant had not availed himself of the opportunity to submit

requests to find for a period of over three years. After judgment had been entered on the report he sought the court's permission to do what he had neglected to do for three years, namely, to submit proposed findings. This was granted and limited to the submission of requests to find. For him then to seek to terminate the reference and destroy the adjudication upon a technicality does not appeal to the conscience of the court. The successful party should not be prejudiced by the failure of the referee to act on the proposed findings within the sixty-day limit and if the contention of the defendant should be upheld, that would be the result — a result which the plaintiff could not control. By the same token, to reinstate the judgment might deprive the defendant of his rights to have his proposed findings reviewed by the referee.

What the defendant sought was to have his requests to find passed upon. That was all he could reasonably expect. That he secured through the indulgence of the court without any feeling that thereby the adjudication of the referee would be disturbed.

Under the circumstances it does not seem to the court that section 470 should apply. The permission to submit findings was not the trial of an issue of fact. The issues of fact had been determined and to vacate that determination was not contemplated. The referee is directed to pass upon the requests to find submitted by the defendant within a reasonable time and make report upon which further action may be taken.